IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ERIC STOKES,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL ACTION NO.: 6:17-cv-112<br><br>(Crim. Case No.: 6:02-cr-20) |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

More than fifteen years ago, this Court sentenced Movant Eric Jermaine Stokes ("Stokes") to 110 months' imprisonment after he pleaded guilty to being a convicted felon in possession of a firearm. Stokes, who is currently incarcerated at the Federal Correctional Institution-Estill in Estill, South Carolina, has now filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 14.)[1] The Government filed a Motion to Dismiss Stokes' Petition as untimely, to which Stokes filed Responses in opposition. (Docs. 20, 21, 23.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** the Government's Motion to Dismiss, **DISMISS** Stokes' Section 2255 Motion as untimely, **DENY** Stokes *in forma pauperis* status on appeal, **DENY** Stokes a certificate of appealability, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and to **CLOSE** this case.

---

[1] The pertinent record documents in this case are filed on the docket of Stokes' criminal case, United States v. Stokes, 6:02-cr-20 (S.D. Ga. Sept. 13, 2002), and many are not included in Stokes' civil docket. Thus, for ease of reference and consistency, the Court cites to Stokes' criminal docket in this Order and Report and Recommendation.

**BACKGROUND**

On September 13, 2002, a grand jury in this District charged Stokes with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1.)  Stokes entered into an agreement with the Government to plead guilty to the one count against him and to waive his right to appeal and collaterally attack his sentence.  (Doc. 11.)  In exchange, the Government agreed not to object to a three-level reduction in Stokes' offense level for acceptance of responsibility, to make no recommendation as to his sentence, and to advise the Court of whether any cooperation Stokes provided qualifies as "substantial assistance."  (Id.)  On November 27, 2002, Stokes appeared before the Honorable B. Avant Edenfield and entered a plea of guilty to the one count against him.  (Doc. 10.)  Prior to Stokes' sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI").  The Probation Office recommended a sentencing range under the United States Sentencing Guidelines of 110-120 months' imprisonment.  (PSI, ¶ 59.)  This recommendation included a three-point reduction in Stokes' offense level due to his acceptance of responsibility.  (Id. at ¶¶ 16–18.)

On February 4, 2003, Stokes appeared before Judge Edenfield for a sentencing hearing.  Judge Edenfield sentenced Stokes to the bottom end of his Guidelines range, 110 months' imprisonment, and entered judgment the next day on that sentence.  (Doc. 12.)  Stokes did not file a direct appeal.

**DISCUSSION**

On August 15, 2017, Stokes filed the instant Section 2255 Motion and supporting brief.  (Docs. 14, 15.)  Stokes alleges his attorney, Evelyn S. Hubbard, rendered ineffective assistance during the plea, sentencing, and appeal phases of his criminal proceedings.  (Id.)  The Government moved to dismiss Stokes' Motion on January 10, 2018.  (Doc. 20.)  The

Government contends that the Court should dismiss Stokes' Motion as untimely. (Id.) Stokes filed Responses in opposition to the Government's Motion to Dismiss. (Docs. 21, 23.)

I.     **Whether Stokes Timely Filed his Section 2255 Motion**

To determine whether Stokes filed his Section 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations period. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Stokes was sentenced to 110 months' imprisonment on February 4, 2003, and the Court's final judgment was entered on February 5, 2003. (Doc. 12.) Stokes had ten (10) business days, or until February 20, 2003, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2002).[2] Because Stokes did not file an appeal, he had until February 20, 2004, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011)

---

[2] The Court applies the version of Rule 4(b)(1)(A) in effect at the time of Stokes' sentencing. Under that rule, an appellant had to file an appeal within 10 days of the date of judgment. However, intermediate weekends and holidays were not counted in that calculation. Thus, in the calculation of Stokes' time to file an appeal, the Court has excluded two Saturdays, two Sundays, and President's Day (Monday, February 17, 2003). Rule 4(b)(1)(A) was revised in 2009 to provide 14 days for the filing of a notice of appeal. Under the revised rule, however, weekends and holidays are counted.

(noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires).  Stokes did not file his Section 2255 Motion until August 15, 2017,[3] which was thirteen years, five months, and 26 days after the expiration of the applicable statute of limitations period.  Consequently, Stokes' Motion is untimely under Section 2255(f)(1).  Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.") (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999)).  Stokes fails to argue that he is entitled to the statute of limitations periods set forth in 28 U.S.C. §§ 2255(f)(2), (3), or (4).  Thus, the Court must now determine whether Stokes is entitled to equitable tolling of the applicable statute of limitations period.

## II.     Whether Stokes is Entitled to Equitable Tolling

Stokes seems to recognize he does not meet the one-year statute of limitations period, but he offers no credible reason in his Motion why the applicable statute of limitations does not bar his claims.  In his supporting Brief, he makes conclusory arguments as to why his claims should not be rejected as untimely.  (Doc. 15, pp. 25–27.)  He contends that claims raising "fundamental miscarriage of justice," "substantial constitutional violation," "subject matter jurisdiction challenges," and an "illegal sentence" are not time-barred.  (Id. at pp. 25–26.)  He also claims that the First and Fourteenth Amendments to the United States Constitution require the Court to hear his claims.  (Id. at pp. 26–27.)

---

[3] Curiously, Stokes executed his Motion with the signature date of August 16, 2017.  (Doc. 14, p. 9.) However, it was filed in this Court on the day before.  Thus, the Court will use the earlier date as the filing date.

The applicable limitation is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'" Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (per curiam) (quoting Holland, 560 U.S. at 649). Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (per curiam), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)).

There is nothing before the Court indicating that Stokes employed any measures whatsoever to file a timely Section 2255 Motion. Stokes failed to contact this Court prior to filing his Motion on August 15, 2017, or to take any course of action to show he was pursuing his rights—diligently or otherwise. The Eleventh Circuit Court of Appeals "has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007) (citing Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to equitably toll Antiterrorism and Effective Death Penalty Act's statute of limitations on the basis of Sandvik's attorney's

negligence); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").

Stokes waited well over a decade to file his Section 2255 Motion, and he provides no excuse for his failure to bring his Motion sooner. He does not even attempt to show that he was pursuing his rights diligently and that some extraordinary circumstance prevented him from filing his Section 2255 Motion in the more than thirteen years since he was sentenced. His attempts to dodge the plain text of 28 U.S.C. § 2255(f) with conclusory arguments are unavailing. Unsurprisingly, Stokes does not provide any supporting case citations or other authority for his broad contentions that the statute of limitations does not apply to claims of "fundamental miscarriage of justice," "substantial constitutional violation," "subject matter jurisdiction challenges," and an "illegal sentence." The limitations period does apply to such claims. Stokes' arguments to the contrary contradict the plain language of Section 2255(f) and would render the limitations period meaningless.[4] In fact, the Eleventh Circuit has noted the statute of limitations period is applicable even in those instances in which a movant attacks the district court's jurisdiction. Williams v. United States, 383 F. App'x 927, 929 (11th Cir. 2010) (per curiam) (citing United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007)); Belsar v. Shepard, Civil Action No. 1:15-CV-4147-TWT-JFK, 2016 WL 3675562, at * 2 (N.D. Ga. June 8, 2016) (noting petitioner was incorrect that statute of limitations periods do not apply to deficient indictment or void sentence claims) (citations omitted); Wilwant v. Stephens, No. 4:13-CV-276-A, 2013 WL 3227656, at *2 (N.D. Tex. June 25, 2013) ("[A] federal petitioner cannot

---

[4] The requirement that a Section 2255 movant file his motion within one year from the finality of his conviction is not without exception. However, those exceptions are provided in 2255(f)(2)–(4). Stokes does not make any argument, much less a successful argument, that he should be entitled to the later triggering date of any of those subsections.

6

evade the effect of the statute of limitations by the 'simple expedient' of arguing that his conviction or sentence is void.") (citations omitted).

Consequently, Stokes is not entitled to the equitable tolling of the applicable statute of limitations period, and his Section 2255 Motion is time barred. Thus, the Court should **GRANT** the Government's Motion to Dismiss and **DISMISS** Stokes' Section 2255 Motion.

### III.     Leave to Appeal *in Forma Pauperis* and a Certificate of Appealability

The Court should also deny Stokes leave to appeal *in forma pauperis*. Though Stokes has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas or section 2255 proceeding unless a certificate of appealability is issued. A

certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Stokes' Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Stokes a Certificate of Appealability, Stokes is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Stokes *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** the Government's Motion to Dismiss, **DISMISS** Stokes' Section 2255 Motion, **DENY** Stokes *in forma pauperis* status on appeal, and **DENY** Stokes a Certificate of Appealability.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon Stokes.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of June, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA